UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOE JERNIGAN,

    Plaintiff,

v.                                                           Case No. 6:17-cv-2039-Orl-37KRS

SCHOLASTIC, INC.,

    Defendant.
_____

## **ORDER**

Plaintiff initiated this action in state court on on October 31, 2017. (Doc. 2 ("**Complaint**").) Defendant thereafter removed the action to this Court on the basis of diversity jurisdiction. (Doc. 1 ("**Notice of Removal**").) The action is now before the Court *sua sponte* for jurisdictional review.

Importantly, the Complaint states only that Plaintiff is a *resident* of Florida ("**Residency Allegation**"). (Doc. 2, ¶ 3.) The Notice of Removal then relies on the Residency Allegation to assert that Plaintiff is "a citizen and resident of the State of Florida."(Doc. 1, ¶ 5.) But residence alone is insufficient to demonstrate a person's citizenship for purposes of diversity jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Rather, the citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must

-1-

be alleged in the complaint to establish diversity for a natural person.").

When a case is removed, the defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendant's reliance on Plaintiff's Residency Allegation fails to demonstrate complete diversity between the parties. And because Defendant has failed to sufficiently establish Plaintiff's citizenship, it has failed to carry its burden of invoking the Court's subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that on or before **Wednesday, December 20, 2017**, Defendant is **DIRECTED** to file an amended Notice of Removal that remedies the deficiency identified in this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 7, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record