# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOE JERNIGAN,**

    **Plaintiff,**

**v.**                                              **Case No: 6:17-cv-2039-Orl-37KRS**

**SCHOLASTIC, INC.,**

    **Defendant.**

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION TO COMPEL AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 26)**
>
> **FILED:**     **September 6, 2018**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

Plaintiff Joe Jernigan filed a complaint against Defendant Scholastic, Inc., alleging that based on Plaintiff's work for Defendant, he was entitled to certain commissions that Defendant refused to pay in full. Doc. No. 2. Plaintiff moves to compel the deposition of Greg Worrell, President of Scholastic Classroom & Community Group. Doc. No. 26. Plaintiff asserts that Mr. Worrell is a critical witness because he was a key decisionmaker with personal knowledge as to the reduction of Plaintiff's commission, and the information to be obtained from Mr. Worrell's deposition cannot be acquired through other means. *Id.* at 3–5. Defendant opposes the motion, arguing that Plaintiff has failed to demonstrate that Mr. Worrell, a high-ranking official, has unique

knowledge of the matter at issue and that Plaintiff must attempt to obtain the information he seeks though depositions of other employees of Defendant. Doc. No. 29, at 4–7.

The apex doctrine recognizes the distinctive positions of high-ranking corporate executives, "and the potential for harassment and abuse inherent in subjecting them to discovery burdens in the absence of a showing that the individual possesses relevant evidence which is not readily obtainable from other sources." *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-CV-298-J-34TEM, 2010 WL 11505066, at *2 (M.D. Fla. Oct. 29, 2010). Depositions of top corporate executives are not per se prohibited, but "courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case." *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-CV-1287-ORL-31, 2015 WL 1565299, at *2 (M.D. Fla. Apr. 8, 2015) (quoting *Simon v. Pronational Ins. Co.*, No. 07–60757, 2007 WL 4893478, at *1 (S.D. Fla. Dec. 13, 2007)).

Here, Plaintiff alleges that Mr. Worrell has unique personal knowledge regarding the alleged reduction of his commission. Doc. No. 26, at 3–5. Although Defendant disputes the extent of Mr. Worrell's involvement and the extent of his knowledge regarding the matters at issue, Defendant acknowledges that Mr. Worrell "was involved in a high-level approval of [Plaintiff's] ultimate commission." Doc. No. 29, at 4. It also concedes that Jennifer Boykin testified that she conferred with Mr. Worrell about whether to increase the commission given to Plaintiff. *Id.* at 7 n.10. Accordingly, it appears that Mr. Worrell does have personal knowledge about matters in dispute. Whether all of the information possessed by Mr. Worrell can be obtained from others has yet to be

determined because all scheduled depositions have not yet been taken.[1]  Because discovery closes on October 1, 2018, scheduling the deposition of Mr. Worrell cannot be delayed until all other depositions are completed.

Plaintiff has already given Mr. Worrell ample notice of his intent to depose him. Accordingly, I find that Plaintiff need not give Mr. Worrell notice of his deposition fourteen days in advance.  Defendant represents that Mr. Worrell is available for deposition on September 24, 25 or 26, 2018.  Doc. No. 29, at 10.  Therefore, it is **ORDERED** that, on or before September 20, 2018, the parties must confer and schedule the deposition of Mr. Worrell on one of those dates.  If the parties cannot agree, counsel shall promptly contact my courtroom deputy clerk, Edward Jackson, at 407/835-5809 to schedule a telephone conference at which I will schedule the deposition.

Plaintiff's request for an award of reasonable expenses, including attorneys' fees, is denied without prejudice because it is not supported by any evidence of the expenses actually incurred. Defendant also has not addressed whether its objection was substantially justified and whether there are circumstances that make an award of expenses unjust.  Counsel for the parties must speak to each other in a good faith attempt to resolve these issues.  If unresolved, a renewed motion may be filed if necessary.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] The depositions of David Smith and Leo Saulle are scheduled for September 19, 2018.  Doc. 29, at 6 n. 6-7.